**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HUGH BUTCHER,<br><br>    Plaintiff,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, LLP; AND FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Defendants. | 3:11-cv-00886-ECR-WGC<br><br><br><br>**ORDER** |

Plaintiff is a homeowner facing foreclosure.  Now pending are a Motion to Dismiss (#12) and Motion to Expunge Lis Pendens (#13) filed by Defendants BAC Home Loans Servicing, LP ("BAC"), Federal National Mortgage Association ("FNMA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and ReconTrust Company, N.A. ("ReconTrust").  The motions are ripe and we now rule on them.

## I. Factual Background

The Complaint (#1-1) alleges as follows: Plaintiff holds title to the property located at 1223 Esther Way, Minden, Nevada 89423. (Compl. ¶ 1 (#1-1).)  Plaintiff believes the Deed of Trust encumbering the property and the note have been transferred numerous times without being recorded.  (Id. ¶ 11.)

1    Plaintiff alleges that in or about January 2010, Defendants
2 made an offer to modify Plaintiff's loan, reducing the monthly
3 payment on the property to $1,414.44.  (Id. ¶¶ 14-15.)  Under the
4 provisions of the contract, Plaintiff would be entitled to a
5 permanent loan modification if he made three timely payments of the
6 reduced amount.  (Id. ¶ 16.)  Plaintiff accepted Defendants' offer,
7 thereby creating a contract, by successfully making the three
8 required payments and paying for several additional months.  (Id. ¶¶
9 17-19.)  Plaintiff remains able and willing to make the modified
10 payments of $1,414.44.  (Id. ¶ 21.)
11    Defendants recorded a Notice of Trustee Sale with the Douglas
12 County Recorder noticing a sale date for November 16, 2011.  (Id. ¶
13 6.)  The sale has yet to take place.
14
15                    **II. Procedural Background**
16    Plaintiff filed the Complaint (#1-1) in the Ninth Judicial
17 District Court in and for the County of Douglas on November 7, 2011
18 alleging the following two causes of action: (1) Recordation
19 Violation; and (2) Contract Violation.  Defendants removed the
20 action to this Court on December 9, 2011, invoking our diversity
21 jurisdiction.  (Pet. Removal (#1).)
22    On February 3, 2012, Defendants filed a Motion to Dismiss (#12)
23 and a Motion to Expunge Lis Pendens (#13).  Plaintiff filed an
24 Opposition (#14) to both motions on March 21, 2012.  Defendants have
25 not filed a reply.
26
27
28                                  2

### III. Legal Standard

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  First, courts accept only non-conclusory allegations as true.  Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 1950.  The Court must draw all reasonable inferences in favor of the plaintiff.  See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...' stops short of the line

3

between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

### IV. Discussion

**A. Recordation Violation**

Plaintiff alleges that Defendants did not comply with the recent amendments to Nevada's recording statute, Assembly Bill ("AB") 284, which requires all assignments of a deed of trust to be recorded. Assemb. B. 284 § 9, 76th Leg., Reg. Sess. (Nev. 2011). Assembly Bill 284's amendments to the Nevada Revised Statutes ("NRS") Chapters 106 and 107, however, did not become effective until October 1, 2011 in light of AB 273, which amended the effective date of AB 284 to October 1, 2011 and amended § 14.5 of AB 284 to provide that the amendments to NRS § 107.080 would apply only to notices of default filed on or after October 1, 2011. See Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011). In this case, the Notice of Default[1] was executed and recorded with Douglas

---

[1] Defendants have requested that the Court take judicial notice of the recorded Notice of Default and the Corporate Assignment of Deed of Trust, copies of which are filed in support of the Motion to Dismiss (#12). This Court takes judicial notice of these public records. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (holding that the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201). Importantly, "[a] court may . . . consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). The Court therefore considers the judicially noticed documents without converting the Motion to Dismiss (#12) to a motion for summary judgment.

4

1  County on February 10, 2009 as Document No. 737491. (Notice of
2  Default (#12-4).)  Further, the Deed of Trust and the underlying
3  promissory note were assigned to Defendant FNMA on or about February
4  17, 2011, and the assignment was duly recorded with Douglas County
5  on March 1, 2011 as Document No. 779319.  (Assignment (#12-3).)
6  Because the only assignment was made before October 1, 2011, and the
7  Notice of Default was also filed before that date, AB 284 does not
8  apply to this case.  Jones v. Deutsche Bank Nat'l Trust Co., No.
9  3:12-cv-00157-LRH-WGC, 2012 WL 1963567, at *2 (D. Nev. May 31,
10 2012); Lane v. Wells Fargo Bank, N.A., No. 3:12-cv-00015-RCJ-VPC,
11 2012 WL 1687105, at *1 (D. Nev. May 14, 2012).
12      Moreover, the only assignment was duly recorded as required by
13 the bill.  Plaintiff's bare allegations that the Deed of Trust has
14 been transferred numerous times without being recorded are
15 insufficient to survive a motion to dismiss, especially in light of
16 the judicially noticed documents.  Even if there were unrecorded
17 transfers in this case, AB 284 would only apply to any supposed
18 transfer that occurred after October 1, 2011.  Here, the party now
19 seeking to foreclose, Defendant FNMA, was assigned the Deed of Trust
20 prior to October 1, 2011, indicating that no other assignment or
21 transfer has occurred after that date.  AB 284 is therefore
22 inapplicable to this case, and, in any event, the judicially noticed
23 documents establish that Defendants have complied with its
24 requirements.  Plaintiff's first cause of action is therefore
25 completely without merit and must be dismissed with prejudice, as
26 leave to amend would prove futile.
27
28                                  5

**B. Contract Violation**

Plaintiff claims that Defendants breached the contract whereby they agreed to permanently modify Plaintiff's loan upon his successful completion of a three-month trial pay period.

Under Nevada law, the elements of a breach of contract action include the existence of a valid contract. Luckett v. Brother Mfg. Corp., Inc., No. 58617, 2012 WL 763173, at *1; see also Richardson v. Jones, 1 Nev. 405, 405 (Nev. 1865) (holding that the elements of a breach of contract action in Nevada include proof of the existence of a valid contract). "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." May v. Anderson, 119 P.3d 1254, 1257 (Nev. 2005) (citing Keddie v. Beneficial Ins., Inc., 580 P.2d 955, 956 (Nev. 1978) (Batjer, C.J., concurring)). The Complaint (#1-1) alleges the existence of a contract, but that allegation constitutes a legal conclusion that we need not except as true. Plaintiff has also pleaded facts contains demonstrating an offer and an acceptance,[2] but has failed to plead consideration. To the extent

---

[2] Defendants request that the Court take judicial notice of the May 7, 2010 cover letter from Defendant BAC (#12-9) to Plaintiff offering a permanent loan modification in order to establish that Plaintiff did not accept the offer and thus no contract was formed. However, although the Complaint (#1-1) incorporates by reference a modification, we are without power to take judicial notice of a cover letter that was not referenced in the Complaint (#1-1). In order to consider this document, we would have to convert the Motion to Dismiss (#12) into a motion for summary judgment pursuant to Rule 56 and afford Plaintiff an opportunity to respond with his own evidence. We decline to do so at this time. Further, it is not self-evident from the document that this cover letter relates to the same modification offer referenced in the Complaint (#1-1), given that Plaintiff alleges that Defendants made an offer in January 2010 for Plaintiff to make reduced payments in the amount of $1,414.44, while the cover letter

6

that Plaintiff alleges the reduced loan payments constitute consideration, the Court notes that under Nevada's preexisting duty rule, "[c]onsideration is not adequate when it is a mere promise to perform that which the promisor is already bound to do." Cty. of Clark v. Bonanza No. 1, 615 P.2d 939, 944 (Nev. 1980); see also Ramanathan v. Saxon Mortg. Servs., Inc., No. 2:10-CV-02061-KJD-VCF, 2011 WL 6751373, at *3 (D. Nev. Dec. 21, 2011) ("It is axiomatic that giving a party something to which he has an indisputable right is not consideration.") (citing U.S. ex rel Youngstown Welding & Eng'g Co. v. Travelers Indem. Co., 802 F.2d 1164, 1169 (9th Cir. 1986)). As Plaintiff was bound by the original contract to make larger monthly payments than the $1414.44 required by the alleged modification, these payments cannot constitute consideration for the modification. This claim must therefore be dismissed, but Plaintiff will be granted leave to amend to plead a claim for breach of contract.

    Further, the breach of contract claim fails for the additional reason that Plaintiff has not produced a writing as required by Nevada's statute of frauds. NRS § 111.220 provides that every agreement that cannot be performed within one year of its making "is void, unless the agreement, or some note or memorandum thereof expressing the consideration, is in writing, and subscribed by the person charged therewith." NEV. REV. STAT. § 111.220(1). Plaintiff has not provided such a writing. Therefore, should Plaintiff choose

---

is dated May 2010 and provides for a monthly payment of $2,196.47. Again, we therefore cannot say that this document has been incorporated by reference into the Complaint (#1-1).

to again plead the existence of a loan modification contract that would take at least one year to perform, he must produce a writing that expresses the consideration and the other essential terms of the agreement. See Ramanathan, 2011 WL 6751373, at *4 ("A writing need not supply all terms of the agreement, as long as the essential terms are present.") (citing Georgiou Studio, Inc. v. Boulevard Invest, LLC, 663 F.Supp.2d 973, 980 (D. Nev. 2009)).

**C. Defendants' Motion to Expunge Lis Pendens (#13)**

Defendants further request that the Court expunge the lis pendens recorded against the property. NRS § 14.010 allows a notice of pendency or a lis pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court. NEV. REV. STAT. § 14.010(2). The purpose of a lis pendens is to give constructive notice to a purchaser of an affected property that an action is pending against the property. See NEV. REV. STAT. § 14.010(3). Because we grant Plaintiff leave to amend the breach of contract claim, we are without power to expunge the lis pendens while this action is still pending - any party seeking to purchase the subject property is entitled to such notice. Defendants' motion must therefore be denied with leave to renew at an appropriate juncture.

### V. Conclusion

Plaintiff's first cause of action alleging that Defendants violated Assembly Bill 284, requiring every assignment of a deed of

8

trust to be recorded, fails as a matter of law because AB 284 does not apply to transfers prior to October 1, 2011, and because Defendants have produced judicially noticed documents demonstrating their compliance with the new law.  Plaintiff's second cause of action for breach of contract must be dismissed because Plaintiff has not pleaded facts demonstrating the existence of a valid contract, and because contracts that cannot be performed within one year must be evidenced by a writing in accordance with Nevada's statute of frauds, NRS § 111.220.  Plaintiff, however, will be given leave to amend the contract claim, as it is possible for Plaintiff to plead facts establishing such a contract.  Finally, because we grant leave to amend, we must deny Defendants' Motion to Expunge Lis Pendens (#13) because this case regarding the property is still pending.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motion to Dismiss (#12) is **GRANTED**.  Plaintiff's first claim for Recordation Violation is **DISMISSED WITH PREJUDICE**.  Plaintiff's second claim for Contract Violation is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days within which to file an amended complaint.

**IT IS FURTHER ORDERED** that Defendants' Motion to Expunge Lis Pendens (#13) is **DENIED**.

DATED: August 30, 2012.

_____
UNITED STATES DISTRICT JUDGE